FRANCISCO G. TABOADA BOSCH, demandante y apelado, *v.* MARÍA DRAGONI, demandada y apelante.

Núm. 7440.—*Sometido:* Febrero 4, 1938. *Resuelto:* Julio 13, 1938.

*R. Hernández Matos,* abogado de la apelante; *José I. Fernández Segarra,* abogado del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Por escritura pública del 21 de abril de 1932 Francisco G. Taboada vendió a María Dragoni dos fincas rústicas en el barrio Maragüez, de Ponce, en $14,000, de los cuales recibió el vendedor $4,000 de contado en un cheque certificado, $143 en efectivo, y $5,250 en el valor de una finca que la compradora le traspasó. Del balance hizo reserva la demandada para satisfacer al Banco Federal $2,949.74, a la Comisión Rehabilitadora $1,000, y al Tesorero de Puerto Rico, por contribuciones sobre las dos fincas correspondientes a los años 1928–1932, $657.32.

El 28 de abril de 1932 la Asamblea Legislativa de Puerto Rico aprobó la Ley núm. 35, "Para cancelar las contribuciones adeudadas por las fincas de café, correspondientes al año económico 1928–29; para condonar parcialmente las de los ejercicios económicos de 1929–30 y 1930–31; para aplazar el cobro de estas contribuciones; para fijar un tipo de tasación para dichas fincas de café; para asignar fondos para compensar a los municipios por las condonaciones hechas, y para otros fines."

Alegando un convenio verbal, mediante el cual la compradora se obligaba a devolver al vendedor el importe de aquellas contribuciones impuestas a las fincas de café cuyo pago condonare El Pueblo de Puerto Rico, demandó Taboada a la Dragoni en cobro de dinero ante la Corte Municipal de Juana Díaz, reclamándole la cantidad de $394.18 a que ascendía la suma condonada por la Ley núm. 35 de 1932, supra, con más sus intereses legales desde junio de 1932, costas y gastos. La Corte Municipal de Juana Díaz declaró sin lugar esta de-

manda y Taboada apeló para la de Distrito de Ponce. Solicitó entonces permiso para enmendar su demanda, y le fué concedido. Alega en ella que:

"5. . . . aprovechando°la presencia de la hoy demandada María Dragoni, encargó a ésta para que se personara en la oficina de Rentas Internas de esta ciudad y satisficiera allí los $657.32 que dicho demandante adeudaba por las contribuciones antes especificadas. Que dicho demandante entregó a la demandada los susodichos $657.32 en dinero efectivo para tales fines, y habiendo aceptado dicha demandada la realización de tal encargo y tomado posesión material del dinero, otorgó y suscribió de su puño y letra el recibo que copiado literalmente dice como sigue:

" 'He recibido de don Francisco G. Taboada y Bosch la suma de $657.32 para satisfacer con dicha suma las contribuciones adeudadas al Tesoro Insular respecto de dos fincas rústicas en el barrio de Maragüez de este término municipal, que he comprado con esta fecha a dicho Sr. Taboada y Bosh; correspondiendo dichas contribuciones a los años fiscales de 1928–29, 1929–30, 1930–31 y 1931–32, corriendo por tanto de mi cuenta y cargo el pago de dichas contribuciones adeudadas y sin que el Sr. Taboada Bosh tenga que hacer ningún otro desembolso por tal concepto.—Ponce, abril 21 de 1932.—(Firmado) María Dragoni.' "

Contestó la demandada negando haber recibido del demandante suma alguna, ni encomienda de pagar por él contribuciones. Niega también que aceptara la realización del mandato y alega que compró las fincas haciéndose cargo de pagar los gravámenes a favor del Banco Federal, de la Comisión Rehabilitadora y del Tesoro Insular, cuyo importe dedujo del precio de la venta entregando la diferencia al vendedor, pero sin recibir de él suma alguna de dinero. Acepta haber otorgado y suscrito el documento transcrito en la demanda enmendada, supra, y en la original radicada en la Corte Municipal de Juana Díaz, pero aclara que en ningún momento recibiera la suma de $657.32 que especifica dicho recibo para los fines expresados en él, o para cualesquiera otros.

En el acto del juicio el demandante presentó evidencia testifical y documental. La demandada sometió el caso sin nin-

guna. La Corte declaró con lugar la demanda y condenó a la demandada a pagar al demandante la suma de $322.58. más intereses legales desde la interposición de la demanda, sin especial condenación de costas. De dicha sentencia apeló la demandada y señala en su alegato los siguientes tres errores:

1. Al admitir la demanda enmendada.

2. Al declarar con lugar la demanda enmendada sin haberse probado sus alegaciones esenciales.

3. Al resolver que la parte condonada de las contribuciones pertenecía y pertenece al demandante.

No es necesario resolver los dos primeros, pues el tercero causa la revocación de la sentencia.

De la opinión emitida por la corte inferior transcribimos las siguientes manifestaciones, con las cuales estamos conformes:

"La Corte . . . es de opinión que el demandante no ha probado que al otorgar la demandada el recibo que se copia en la demanda fuera cierto que el demandante le entregara la suma de $657.32 para pagar las contribuciones que adeudaban las fincas que él le vendió a la demandada ni que, por lo tanto, se haya probado mandato alguno que tuviera que cumplir la demandada y por el que tenga que rendirle cuenta al demandante."

Tampoco probó el demandante, porque no podía dentro de las alegaciones de su demanda enmendada, que la demandada conviniera con él en reintegrarle el importe de aquellas contribuciones adeudadas, cuyo pago canceló la Asamblea Legislativa de Puerto Rico a virtud de la Ley núm. 35 de 28 de abril de 1932 (Leyes de 1931-32, pág. 275). En ausencia, pues, de una u otra alternativa, la reclamación del demandante está desprovista de todo fundamento jurídico.

Del precio de venta descontó la compradora, como es usual en negocios de la naturaleza del de autos, el importe de aquellos gravámenes a que estaban afectas las fincas. Entre otros, pesaba sobre ellas uno por contribuciones montante a $657.32 a favor de El Pueblo de Puerto Rico. Puesto que

ésa era la suma adeudada, el demandante estuvo conforme en que se le dedujera totalmente de los $14,000 en que tasó sus fincas. ¿Con qué derecho aspira ahora a los beneficios de una ley que no había sido aprobada y menos aún estaba vigente a la fecha del contrato? Él no condicionó el descuento de los referidos $657.32 al acaecimiento de un suceso futuro, como era para aquella fecha, la aprobación o no de la Ley núm. 35 de abril de 1932. Los beneficios de dicha ley deben corresponder a la persona dueña del inmueble en la fecha en que se aprobó el estatuto.

Ni el recibo otorgado por la demandada, ni nada que revele la evidencia aportada, le impedía a la demandada pagar al Tesorero Insular el mismo día de la venta, los $657.32, importe total de las contribuciones adeudadas. Asumiendo por un instante que así lo hubiera hecho, ¿surgiría por ello un derecho o causa de acción à favor del demandante y en contra de la demandada, por el importe de las contribuciones, que de haber aguardado, no hubiera ella tenido que pagar? A nuestro juicio no, y el resultado no varía por el hecho de que entrara en vigor la referida Ley núm. 35 cuando aún ella no había pagado.

*La sentencia debe revocarse y en su consecuencia dictarse otra declarando sin lugar la demanda, sin especial condenación de costas.*

El Juez Asociado Señor De Jesús no intervino.